Sean T. Scuderi, Esq.
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone: 212-216-8000
Facsimile: 212-216-8001
sscuderi@tarterkrinsky.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
:
BNP PARIBAS, :
 : CIVIL ACTION NO.:
Plaintiff, : 19-CV-09616 (ALC) (SLC)
 :
v. : **ANSWER TO COMPLAINT**
 :
KURT ORBAN PARTNERS, LLC, a :
California Limited Liability Company, and :
MATT ORBAN, an individual, :
 :
Defendants. :
 :
---------------------------------------------------------------- x

1. Defendants, Kurt Orban Partners, LLC ("KOP") and Matt Orban ("Orban") (together, "Defendants"), by their attorneys, Tarter Krinsky & Drogin LLP, as and for their answer (the "Answer") to the Complaint (the "Complaint") of plaintiff BNP Paribas ("Plaintiff"), dated October 17, 2019, allege as follows:

## SUMMARY OF ACTION

2. Admit that Plaintiff has asserted claims against Defendants as alleged in Paragraph 2 of the Complaint, but deny any wrongdoing or violations by Defendants.

3. Deny that Plaintiff is entitled to receive any funds from Defendants. Deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 3 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

5. Admit that KOP contracted with Traxys North America LLC ("Traxys") to purchase approximately 2,619.423 metric tons ("MT") of steel alloy bars (the "Steel") for $1,730.04 per MT, payable 120 days after Traxys delivered the Steel to Cargoways Warehousing, provided KOP with a commercial invoice and warehouse release of the Steel showing title in name of KOP, and released the Steel to KOP. KOP admits that Plaintiff's Exhibit B is on its face dated July 13, 2018 and states that late payment will incur a penalty of 1% per month. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

7. Admit that KOP did not pay Plaintiff for the Steel on November 15, 2018, but deny any wrongdoing or violations by Defendants alleged in Paragraph 7 and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

9. Admit that the Guarantee, Plaintiff's Exhibit D, limits Orban's liability under obligations covered by the Guarantee to $2,500,000.00. Deny that Plaintiff is a beneficiary under

the Guarantee. Deny the remaining allegations in Paragraph 9 of the Complaint, and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

10. Admit that Orban has not made any payments to Plaintiff. Deny the remaining allegations in Paragraph 10 of the Complaint, and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

11. Deny that Plaintiff has the right to directly enforce the terms of any purchase agreement between KOP and Traxys against Defendants. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

12. Admit that Plaintiff sent KOP a copy of Plaintiff's Exhibit E, but deny any wrongdoing or violations by Defendants and deny that Plaintiff is entitled to recover any amount against Defendants. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

13. Admit that Defendants have not paid Plaintiff any amount for the Steel, but deny any wrongdoing or violations by Defendants and deny that Plaintiff is entitled to recover any amount against Defendants. Defendants respectfully refer all questions of law, fact or conclusions raised in Paragraph 13 to the court for determination.

14. Deny any wrongdoing or violations by Defendants and respectfully refer all questions of law, fact or conclusions raised in Paragraph 14 to the court for determination.

15. Deny that Plaintiff is entitled to recover any amount against Defendants. Deny any wrongdoing or violations by Defendants and respectfully refer all questions of law, fact or conclusions raised in Paragraph 15 to the court for determination.

## PARTIES

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Admit the allegations in Paragraph 17 of the Complaint.

18. Admit the allegations in Paragraph 18 of the Complaint.

## JURISDICTION AND VENUE

19. Refers all questions of law raised in Paragraph 19 to the court for determination.

20. Deny the allegations in Paragraph 20 of the Complaint, and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

21. Deny the allegations in Paragraph 21 of the Complaint, and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

22. Deny the allegations in Paragraph 22 of the Complaint, and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

## FACTS

A. **The Operation Of The Relevant Contracts**

23. Admit that KOP contracted with Traxys to purchase approximately 2,619.423 MT of Steel for $1,730.04 per MT which was payable 120 days after Traxys delivered the Steel to Cargoways Warehousing, provided KOP with a commercial invoice and warehouse release of the Steel showing title in name of KOP, and released the Steel to KOP. KOP admits that Plaintiff's Exhibit B is on its face dated July 13, 2018 and states that late payment will incur a penalty of 1%

per month. Deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 23 of the Complaint.

24. Admit the allegations in Paragraph 24 that Plaintiff's Exhibit B states that Traxys was required to deliver the Steel FOB Cargoways Warehousing, Houston, TX "As is/where is".

25. Admit the allegations in Paragraph 25 that Plaintiff's Exhibit B states on its face that "late payment will incur a penalty of 1% per month."

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Deny Traxys delivered and released the Steel to KOP in accordance with the terms of the purchase agreement between KOP and Traxys. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint, and respectfully refer all questions of law, fact or conclusions raised in Paragraph 28 to the court for determination.

29. Admit Plaintiff's Exhibit C states on its face under "Payment Terms", "Net cash 120 days after release of material." Admit that Plaintiff's Exhibit C states on its face under "Due Date", "November 15, 2018." Defendants respectfully refer all questions of law, fact or conclusions raised in Paragraph 29 to the court for determination.

30. Admit Plaintiff's Exhibit C states on its face that the amount invoiced was $4,531,713.03. Deny the remaining allegations contained in Paragraph 30 of the Complaint.

31. Admit Orban and Traxys executed Plaintiff's Exhibit D which on its face is dated May 23, 2017. Deny the remaining allegations contained in Paragraph 31 of the Complaint and

respectfully refer all questions of law, fact or conclusions raised in Paragraph 31 to the court for determination.

32. Deny the allegations in Paragraph 32 of the Complaint and respectfully refer all questions of law, fact or conclusions raised in Paragraph 32 to the court for determination.

33. Admit the allegations in Paragraph 33 that the Guarantee, Plaintiff's Exhibit D, limits Orban's liability under obligations covered by the Guarantee to $2,500,000.00. Deny that Plaintiff is a beneficiary under the Guarantee.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Deny that Plaintiff is entitled to recover any amounts from Defendants. Defendants respectfully refer all questions of law, fact or conclusions raised in Paragraph 32 to the court for determination.

39. Admit the allegations in Paragraph 39 of the Complaint.

40. Admit the allegations in Paragraph 40 that Plaintiff sent KOP and Orban a copy of Plaintiff's Exhibit E, but deny any wrongdoing or violations by Defendants and deny that Plaintiff is entitled to recover any amount against Defendants.

41. Deny that Plaintiff is entitled to recover any amounts from Defendants. Defendants respectfully refer all questions of law, fact or conclusions raised in Paragraph 41 to the court for determination.

B. **Defendant's Breach of the Relevant Contracts**

42. Deny the allegations in Paragraph 42 of the Complaint, except admit that KOP has not paid Plaintiff for the Steel.

43. Deny the allegations in Paragraph 43 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

44. Deny the allegations in Paragraph 44 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

45. Deny the allegations in Paragraph 45 of the Complaint, except admit that Orban has not paid Plaintiff for the Steel.

46. Deny the allegations in Paragraph 46 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

47. Deny the allegations in Paragraph 47 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

48. Deny the allegations in Paragraph 48 of the Complaint and respectfully refer all questions of law, fact or conclusions raised therein to the court for determination.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract Against KOP)**

49. In response to paragraph 49 of the Complaint, Defendants repeat and reallege their responses to paragraphs 2 through 15 and 23 through 48 above as is fully set forth herein at length.

50. Refer all questions of law raised in Paragraph 50 to the court for determination.

51. Deny the allegations in Paragraph 51 and respectfully refer all questions of law raised in Paragraph 51 to the court for determination.

52. Deny the allegations in Paragraph 52 and respectfully refer all questions of law raised in Paragraph 52 to the court for determination.

53. Deny the allegations in Paragraph 53 and respectfully refer all questions of law raised in Paragraph 53 to the court for determination.

54. Deny the allegations in Paragraph 54 and respectfully refer all questions of law raised in Paragraph 54 to the court for determination.

55. Deny the allegations in Paragraph 55 and respectfully refer all questions of law raised in Paragraph 55 to the court for determination.

56. Deny the allegations in Paragraph 56 and respectfully refer all questions of law raised in Paragraph 56 to the court for determination.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract Against Orban)**

57. In response to paragraph 57 of the Complaint, Defendants repeat and reallege their responses to paragraphs 2 through 15 and 23 through 56 above as is fully set forth herein at length.

58. Deny the allegations in Paragraph 58 and respectfully refer all questions of law raised in Paragraph 58 to the court for determination.

59. Refer all questions of law raised in Paragraph 59 to the court for determination.

60. Deny the allegations in Paragraph 60 and respectfully refer all questions of law raised in Paragraph 60 to the court for determination.

61. Deny the allegations in Paragraph 61 and respectfully refer all questions of law raised in Paragraph 61 to the court for determination.

62. Deny the allegations in Paragraph 62 and respectfully refer all questions of law raised in Paragraph 62 to the court for determination.

63. Deny the allegations in Paragraph 63 and respectfully refer all questions of law raised in Paragraph 63 to the court for determination.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64. The Complaint fails to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65. Plaintiff's claim is barred by Traxys' prior material breach.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66. Plaintiff has suffered no damages as a result of the alleged conduct of Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred by defenses founded upon documentary evidence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, waiver and/or laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69. Plaintiff has failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70. As a matter of law, Plaintiff is not entitled to recover compensatory damages for some or all of its claims asserted in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. The Complaint, and each cause of action therein, fails to state facts sufficient for recovery of attorneys' fees or other litigation expenses in any amounts whatsoever or at all.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants hereby reserve their rights to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand a trial by jury as to all issues so triable.

**WHEREFORE,** Defendants Kurt Orban Partners, LLC and Matt Orban demand judgment dismissing the Complaint, together with costs and disbursements and such other and further relief as the court deems appropriate.

Dated: New York, New York
       August 14, 2020

                          **TARTER KRINSKY & DROGIN LLP**

                          By:   s/ Sean T. Scuderi
                                Sean T. Scuderi, Esq.
                                1350 Broadway, 11th Floor
                                New York, NY 10018
                                Tel: (212) 216-8000
                                Fax: (212) 216-8001

                                *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on August 14, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing electronically.


Dated: August 14, 2020

                                                    */s/* Sean T. Scuderi\_\_\_\_\_
                                                   Sean T. Scuderi, Esq.