IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BNP PARIBAS,<br><br>    Plaintiff,<br><br>v.<br><br>KURT ORBAN PARTNERS LLC, a California Limited Liability Company, and MATT ORBAN, an individual,<br><br>    Defendants. | Case No. 19-cv-09616 (ALC) (SLC) |

**CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), Judge Cave's Individual Practices, and the August 3, 2020 Order, counsel for the parties conferred telephonically on September 1, 2020 and exchanged communications thereafter. At least one week before the Initial Case Management Conference, the parties, by their counsel, now submit the following report for the Court's consideration:

**1.     Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

**2.      Summary of Claims, Defenses, and Relevant Issues**

Plaintiff: Plaintiff's allegations are set out in detail in the Complaint. To summarize, this is an action for breach of contract brought by BNP Paribas ("BNPP") against Defendants Kurt Orban Partners LLC ("KOP") and Matt Orban ("Orban") for the recovery of over $5 million for steel alloy bars ("Steel") that KOP purchased from non-party Traxys North America LLC ("Traxys") in July of 2018. In 2017, BNPP and Traxys entered into an agreement, pursuant to which BNPP purchased from Traxys the right to receive payment for the Steel.  BNPP has therefore "stepped into the shoes" of Traxys and is entitled to receive the funds that KOP owes to Traxys. Orban guaranteed KOP's obligation to pay for the Steel.  Payment for the Steel has been due and owing to BNPP for almost two years, yet Defendants have failed to pay.  Defendants have not presented evidence of any defense to payment.

Defendant: Defendants' claims, defenses and relevant issues are set out in the Answer.  To summarize: (i) Defendants dispute that they have not presented any defense to payment; (ii) Traxys failed to comply with its obligations under the contract(s); (iii) Traxys failed to deliver the Steel in a manner and to the place required under the contract(s); (iv) Traxys failed to deliver the Steel to KOP free and clear of encumbrances; (v) Plaintiff and/or Traxys failed to mitigate any alleged damages; (vi) Orban's guarantee is inapplicable, procured under duress, and/or is illegal; (vii) Orban's guarantee is not assignable to Plaintiff without Orban's consent; (viii) Plaintiff's and/or Traxys's proportionate responsibility; and (ix) Plaintiff is not entitled to reimbursement of its attorneys' fees from Defendants.

**3.      Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**

Plaintiff asserts that this Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)(2). On July 31, 2020, District Judge Andrew Carter issued an Order and Opinion (Dkt. No. 25) denying Defendants' Motion to Dismiss for lack of personal jurisdiction (Dkt Nos. 20-22).

**4.      Subjects on Which Discovery May Be Needed**

Plaintiff: Plaintiff anticipates seeking discovery relating to the key issues of: (i) KOP's purchase of the Steel from Traxys; (ii) Traxys's delivery of the Steel to KOP; (iii) KOP's obligation to pay for the Steel; (iv) Orban's guarantee of KOP's obligation to pay for the Steel; and (v) Defendants' failure to pay for the Steel.

Defendant: Defendants anticipate seeking discovery relating to the key issues of: (1) Traxys's obligations under the contracts; (ii) Traxys's failure to deliver the Steel to KOP; (iii) Traxys's prior material breach of the contract(s); (iv) the inapplicability, procured under duress, and/or illegality of Orban's guarantee; (v) Plaintiff's and/or Traxys's failure to mitigate any alleged damages, (vi) the assignability of Orban's guarantee, and (vii) any applicable insurance coverage related to the Steel.

**5.      Informal Disclosures**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **14 days from the date of the Rule 26(f) conference**.

**6.      Discovery Plan**

The parties jointly propose to the Court the following discovery plan:

a.      All fact discovery must be completed by **February 15, 2021**.

b.  The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York (the "Local Rules"), Judge Cave's Individual Practices, and the Confidentiality Stipulation and Protective Order, which the parties plan to submit for Court approval. The following interim deadlines may be extended by the parties on written consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in paragraph 6(a) above.

  i.   <u>Depositions</u>: Depositions of all fact witnesses (party and non-party) shall be completed by **<u>January 30, 2021</u>** and limited to no more than <u>10</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  ii.  <u>Interrogatories</u>: The parties shall exchange interrogatories on or before **<u>October 12, 2020</u>**. Any additional interrogatories must be served no later than 30 days before the fact discovery deadline.

  iii. <u>Requests for Admission</u>: Requests for admission must be served on or before **<u>November, 11, 2020</u>**, and in any event no later than 30 days before the fact discovery deadline.

  iv.  <u>Requests for Production</u>: Requests for production must be served on or before **<u>October 12, 2020</u>**. Counsel for the parties shall thereafter meet and confer to identify proposed custodians and time periods for searches of electronically-stored information ("ESI") and to attempt to resolve anticipated objections to document requests.  Documents should be produced on a rolling basis, with substantial completion by **<u>November 20, 2020</u>** and final completion no later than **<u>November 27, 2020</u>**.

      v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7.    Anticipated Discovery Disputes**

The parties do not anticipate any discovery disputes at this time. To the extent any discovery disputes arise, they shall be raised in accordance with the Local Rules and Judge Cave's Individual Practices.

**8.    Amendments to Pleadings**

The parties do not anticipate making any amendments to the pleadings. To the extent any party decides to do so, all motions to amend shall be filed on or before **October 30, 2020**.

**9.    Expert Witness Disclosures**

At this time, the parties do/**do not** anticipate utilizing experts, but they reserve their rights to reconsider this issue at a later time.

**10.    Electronic Discovery and Preservation of Documents and Information**

    a.    Have the parties discussed discovery of electronically stored information (ESI)?

The parties are in discussions regarding electronic discovery and hope to reach an agreement on an ESI discovery protocol and file a joint motion for entry of the Joint Electronic Discovery Submission and Proposed Order.

    b.    Is there an ESI discovery protocol in place?

The parties will negotiate in good faith to reach agreement on an ESI discovery protocol.

    c.    Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference?

There are no issues concerning the preservation of evidence and/or ESI discovery that the parties would like to address at the Initial Case Management Conference.

**11.    Anticipated Motions**

The parties intend to move for summary judgment after the close of fact discovery.

**12.    Early Settlement or Resolution**

The parties **have**/have not discussed the possibility of settlement. The parties believe that it would be premature to schedule a settlement conference at this time, but the parties remain open to the possibility of settlement and will revisit the issue once fact discovery is underway.

**13.    Trial**

   a.   The parties anticipate that this case will be ready for trial **60 days after the Court's ruling on anticipated summary judgment motions.**

   b.   The parties anticipate that the trial of this case will require **5** days.

   c.   The parties do/**do not** consent to a trial before a Magistrate Judge at this time.

   d.   Defendants request a **jury**/bench trial.  Plaintiff requests a jury/**bench** trial.

Respectfully submitted on this 15th day of September, 2020.

| | |
|---|---|
| *s/ Richard A. Spehr* | *s/ Sean T. Scuderi* |
| Richard A. Spehr | Sean T. Scuderi |
| Michelle J. Annunziata | TARTER KRINSKY & DROGIN LLP |
| MAYER BROWN LLP | 1350 Broadway, 11th Floor |
| 1221 Avenue of the Americas | New York, NY 10018 |
| New York, NY 10020 | T:  (212) 216-8000 |
| F: (212) 262-1910 | sscuderi@tarterkrinsky.com |
| T:  (212) 506-2500 | |
| rspehr@mayerbrown.com | Alexis Foster |
| mannunziata@mayerbrown.com | WADE FOSTER, PLLC |
| | 3322 Mallard Run Court |
| | Katy, TX 77494 |
| | O:  (832) 437-4595 |
| | C:  (281) 827-4023 |
| | afoster@wadefosterlaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

> The Court will hold a telephonic status conference on **Wednesday, February 3, 2021 at 10:00 am**.  The parties are directed to call the Court's conference line at: 866-390-1828; access code: 380-9799, at the scheduled time.
>
> In addition, by **March 17, 2021**, the parties shall write to Judge Carter requesting a pre-motion conference regarding their anticipated motions for summary judgment.

Dated: September 22, 2020
       New York, New York

It is so **ORDERED**.

_____
SARAH L. CAVE
United States Magistrate Judge

7