**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>KURT ORBAN PARTNERS, LLC, a California limited liability company; KURT MATTHEW ORBAN, an individual,<br><br>Defendants. | No.: 2:20-cv-06191-DSF (JEMx)<br><br>**STIPULATED AND AGREED ORDER APPOINTING RECEIVER AND ISSUING RESTRAINING ORDER** |

On consideration of the Stipulation For Entry Of Order Appointing Receiver And Issuing Restraining Order (the "Stipulation") agreed to by Plaintiff Wells Fargo Bank, National Association ("Plaintiff" or the "Bank") and Defendants Kurt Orban Partners, LLC and Kurt Matthew Orban ("Defendants") and for good cause, the Court hereby orders as follows:

**ORDER APPOINTING RECEIVER IN LIMITED CAPACITY**

1. Appointment of Receiver. David Stapleton of The Stapleton Group ("Receiver") shall be appointed as Receiver in accordance with the terms and conditions

set forth herein. Nothing contained herein shall prevent any of the parties from seeking Court approval to modify, expand, or limit the Receiver's appointment.

2. <u>Receiver's Oath</u>. Before performing his duties, Receiver shall execute a receiver's oath conditioned upon the faithful performance of Receiver's duties.

3. <u>Disclosure</u>. Receiver is required to disclose to all parties any financial relationship between Receiver and any company he hires to assist in the management of the receivership estate.

4. <u>Receiver's Fees</u>. Receiver shall be and is hereby entitled to charge a reasonable fee for the below-enumerated services and obligations at the following rates: $450 per hour for Receiver, and rates ranging from $95 to $450 for Receiver's staff. The foregoing fees are subject to final court approval as hereafter set forth. The Receiver shall be entitled to receive reimbursement for reasonable out-of-pocket expenses incurred on the work allowed by this Order.

5. <u>General Duties and Powers</u>. After so qualifying, Receiver is hereby authorized and empowered to do the following:

    a. Other than items legally subject to privilege, including, to the extent legally privileged, the communications between Sklar Kirsh, Gregg Zucker and their respective clients, and personal information unrelated to Kurt Orban Partners, LLC's ("KOP") operations or finances that may reside on KOP property or computers (collectively "Subject Information"), Receiver shall, subject to execution of a mutually agreed upon non-disclosure agreement that is consistent with this order, have full and complete on-site access to KOP's operations during regular business hours (9am PT to 5pm PT Monday through Friday, except for holidays for which KOP is closed for business) and its advisors, consultants, customers, employees, facilities, as well as all of KOP's mail, financial records, whether paper or electronic, which persons and records shall be made available for Receiver's review. In addition, subject to the Subject Information, Receiver

shall have the right to secure information technology backups and make additional copies as Receiver reasonably deems necessary.

  b. Receiver and KOP shall meet as reasonably deemed necessary by Receiver, but not less than once per calendar week, either in person or telephonically, at the convenience of the parties to discuss the general business performance and strategy of KOP and such other items as the Receiver shall request; provided, however, Plaintiff shall have the ability to communicate directly with the Receiver at any time regarding his findings as to KOP's operations and financial records.

  c. Receiver shall review each disbursement requested by KOP personnel and have authority to approve or not approve such requested disbursements within two business days. If Receiver receives a written request for approval of a disbursement and does not provide such approve or disapproval within two business days, then KOP shall be deemed to be authorized to make the requested disbursement. If Receiver timely disputes such payment, the payment shall not be made.

  d. Receiver shall direct KOP to either deliver Income Assets (as defined below) to Receiver or direct KOP to directly deposit such Income Assets in KOP's controlled account(s) with Wells Fargo.

  e. Receiver and the parties may at any time apply to this Court or the arbitrator, as applicable, for further instructions and orders necessary to enable Receiver to perform Receiver's duties properly.

  f. The parties may mutually agree to modify the Receiver's powers and duties in their discretion and with the Receiver's consent.

  6. <u>Loan or Protective Advances Authorized</u>. Plaintiff is authorized, but not required, to make protective advances to the Receiver in the form of Receiver Certificates in the form attached hereto as Exhibit "A" and/or directly to KOP's vendors, etc., to secure and maintain the KOP Collateral (as defined in the Application),

which advances are and shall continue to be secured under the respective Loan Documents. Nothing contained in this Order shall require Plaintiff to make any protective advances.

7. <u>Payments to the Receiver and Receiver's Professionals.</u>

a. Receiver and all attorneys and professionals retained by Receiver under Paragraph 8 below (the engagement of which must be acceptable to Plaintiff), shall be entitled to interim compensation for their services at their usual and normal hourly rates, and shall be reimbursed for all expenses incurred by them on behalf of the Receiver, all of which fees and expenses must be reasonable.

b. Receiver shall serve upon KOP and counsel of record for the parties in the pending action written notice of the amount to be paid to each payee (including payments to Receiver, Receiver's staff, and Receiver's counsel) and the services rendered or expenses incurred (a "Payment Notice"). No payments shall be made until a Payment Notice is served as provided below and the period to object has elapsed. If any party so noticed does not object to the payment of such fees or expenses set forth in a Payment Notice within ten (10) days from service by delivering written objections to Receiver specifying the items or services objected to and the specific reasons why such items of services should not be paid, then Plaintiff shall remit payment to Receiver of all amounts set forth in the Payment Notice (either from Plaintiff's cash collateral on hand or from Plaintiff directly). If objections to a Payment Notice are timely made, Receiver may at his election, immediately file a motion upon notice to counsel of record for authority to receive such fees or expenses objected to, wait until such later date as Receiver may choose to file a motion for authority to receive such fees and expenses or seek a mutual agreement with all parties. Any notice required under this Paragraph 7.b shall be in writing and at the addresses the parties have previously provided to each other by any of the following means: (i) personal

1 | service; (ii) overnight courier or messenger; (iii) registered or certified, first class U.S. Mail, return receipt requested, or (iv) electronic mail. Any notice, demand or request sent pursuant to either subsection (i) or (ii) above, shall be deemed received upon personal delivery to the address specified or to the addressee, upon delivery by the courier or messenger to the specified address. Any notice, demand or request sent pursuant to subsection (iii) above, shall be deemed received two (2) business days following deposit into the U.S. Mail properly addressed to the party to be notified. Any notice, demand or request sent pursuant to subsection (iv) above, shall be deemed received the same day the electronic mail is sent to the proper address of the party to be notified.

c. The interim fees paid shall be subject to final approval by this Court and this Court retains jurisdiction to award a greater or lesser amount as the full, fair and final value of such services.

8. <u>Professionals and Employees</u>. Receiver is authorized to employ as needed (and to charge as an operating expense fees for) agents, servants, employees, clerks, accountants, consultants, and attorneys in order to discharge Receiver's rights, powers, duties and obligations hereunder without further order of the Court, provided that such employment is on terms and rates acceptable to Plaintiff. For purposes of this Section 8, all parties acknowledge and agree that Receiver's retention of the firm of Katten Muchin Rosenman LLP ("Katten") as his counsel is acceptable, so long as the hourly rates charged by Katten are at least twenty percent (20%) below Katten's standard hourly rates, and so long as Katten agrees to be bound by the terms of this Order.

9. <u>Receiver Not Personally Liable</u>. Receiver is acting solely in his capacity as Receiver and in no event shall Receiver personally have any liability or obligations for the debts of KOP.

10. <u>Taxes</u>. All income tax reporting and payments, whether for periods prior to or during the term of this receivership, shall remain the obligation of Defendants. Receiver shall not be required to report any income generated by the subject property

(including interest earned), or to pay any income taxes due thereon, nor shall Receiver bear liability for the failure of Defendants to report said income to taxing authorities or pay the taxes associated with such income.

11. <u>Receiver's Contracts and Prohibited Agreements</u>. Receiver shall not enter into an agreement with any party to this action regarding the administration of the receivership or regarding any post-receivership matter. Any contracts or agreements which Receiver enters into during his appointment shall be terminable at will by Plaintiff upon the discharge of the Receiver.

12. <u>Plaintiff's Inspection</u>. Receiver shall make available to Plaintiff (and its counsel) for inspection and copying information that Receiver is authorized to have access to in accordance with this Order, provided, however, that Plaintiff shall keep such information confidential except (i) as necessary to enforce Plaintiff's rights and remedies, (ii) as required or necessary in any legal proceeding and (iii) for disclosure to Plaintiff's officers, employees, agents, representatives and regulators as necessary.

13. <u>Without Prejudice</u>. This Order is without prejudice to other and further proceedings against any property of Defendants and is not to be construed as limiting any other collection efforts by Plaintiff.

14. <u>Court's Instructions</u>. In the event of any dispute over the terms of this Order or the implementation thereof, or for any other reason in Receiver's discretion, Receiver or any party may apply to the Court for resolution of said dispute after giving all other parties no less than two business days' written notice of such application, or on such shorter notice as is allowed by
this Court.

15. <u>Bankruptcy of Defendants</u>. If Plaintiff receives notice that any Defendant files a bankruptcy case during the receivership, Plaintiff shall give notice of the bankruptcy case to the Court, to all parties, and to Receiver.

16. <u>Receiver's Final Report and Account and Discharge</u>.

      a.    <u>Motion Required</u>. Discharge of Receiver shall require a court order upon noticed motion for approval of Receiver's final report and account and exoneration of Receiver's bond.

      b.    <u>Time</u>. Not later than sixty (60) days after the receivership terminates, Receiver shall file, serve and obtain a hearing date on a motion for discharge and approval of the final report and account.

      c.    <u>Notice</u>. Receiver shall give notice to all parties hereto.

      d.    <u>Contents of motion</u>. The motion to approve the final report and account and for discharge of Receiver shall contain the following:

          (i)    <u>Declaration or declarations</u>. A declaration or declarations: (A) stating what was done during the receivership, (B) certifying the accuracy of the final accounting, (C) stating the basis for the termination of the receivership, and (D) stating the basis for an order for the distribution of any surplus or payment of any deficit, if applicable.

## **<u>RESTRICTIONS ON AND OBLIGATIONS OF DEFENDANTS</u>**

17.    <u>Restrictions on Defendants</u>. Defendants and their agents, partners, servants, employees, and all persons acting under, in concert with, or on behalf of any of them, are hereby prohibited from:

      a.    Selling, assigning, transferring, encumbering, diverting or otherwise disposing of, or destroying any financial records, whether paper or electronic, or other assets of KOP whatsoever without the prior written approval of Receiver.

      b.    Amending or terminating any of the leases or any agreement or contract which is part of the assets of KOP without the prior approval of Receiver.

      c.    Compromising or releasing any of the rents or any obligation or right to payment which is part of the assets of KOP without the prior approval of Receiver.

      d.     Interfering with Receiver's access rights pursuant to this Order.

18.    <u>Defendants' Obligations</u>. Defendants and their agents, partners, servants, employees, and all persons acting under, in concert with, or on behalf of any of them, shall be required to hold in trust all rents, security deposits, receivables, proceeds and income (collectively, "Income Assets") from the assets of KOP, and to either, as directed by Receiver, deliver immediately such Income Assets in excess of necessary expenses (the disbursement of which is approved by the Receiver as set forth in Paragraph 5.c above), and any financial records relating to such Income Assets, to Receiver in the form received or deposit such Income Assets in KOP's controlled account(s) with Wells Fargo.

19.    <u>Restraining Order</u>. Defendants, and any other person or entity acting in concert or participation with any of them, are hereby enjoined and restrained from interfering with or constraining Receiver or persons acting on behalf of Receiver in the discharge of Receiver's duties.

20.    <u>Enjoined Actions</u>. Such Defendants and any other person or entity acting in concert with any of them, shall be and hereby are, enjoined and restrained from engaging in or performing directly, or indirectly, any of the following acts:

      a.     Disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, or in any manner whatsoever destroying or disposing of the whole or any part of the assets of KOP, without the prior consent of Receiver.

      b.     Destroying, transferring or failing to preserve any document which evidences, reflects, or pertains to any disposition by Defendants or any of their agents, of assets of KOP, or any part thereof.

      c.     Taking any action to terminate any leases of KOP's premises or any part thereof, provided, however, that Defendants are not prohibited from identifying potential buyers and bringing them to the attention of Receiver.

21. <u>Reservation of Rights</u>. Notwithstanding anything to the contrary herein, the primary purpose of the Receiver shall be to review the ongoing operations and transactions of KOP and to locate and verify the KOP Collateral in accordance with this Order (collectively, the "Review Purpose"), not to conduct pretrial discovery into alleged past misconduct; provided, however, that to the extent that Receiver, in accordance with his Review Purpose, discovers transactions that evidence past misconduct, such information shall be deemed within the scope of Receiver's duties hereunder, but nothing herein shall be deemed to require or compel Defendants to provide further explanation, testimony, or evidence with respect to any such transactions relating to evidence of alleged past misconduct. Nothing herein, including, without limitation, any requirement for Defendants to provide access and/or information (either oral or written) to Receiver, or in any other way fulfilling their obligations or adhering to the restrictions hereunder, shall be deemed an admission, or waiver of any privilege that may be asserted, by Defendants. Nor shall anything herein, including, without limitation, Defendants withholding any information as privileged, Subject Information, or otherwise, be deemed a waiver by Plaintiff or Receiver of their rights to challenge such designations or their rights, if any, to discovery of such information.

///

///

///

///

///

22. <u>Stay of Proceedings Pending Arbitration</u>. In light of the binding arbitration proceedings pending between Plaintiff and Defendants, which arbitration concerns the same subject matter as the Complaint filed in the above-captioned matter, all proceedings with respect to the above-captioned matter are hereby <u>STAYED</u>, pending further order of this Court; provided, however, that such stay shall not impair the ability to seek any further supplemental relief from this Court in accordance with Section 12.6(b)(iv) of the Credit Agreement. The parties are ordered to file joint status reports every 120 days. The first report to be filed November 23, 2020.

**IT IS SO ORDERED.**

DATED: July 20, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

# EXHIBIT A – FORM OF RECEIVER CERTIFICATE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>KURT ORBAN PARTNERS, LLC, a California limited liability company; KURT MATTHEW ORBAN, an individual,<br><br>Defendants. | No.: 2:20-cv-06191-DSF (JEMx)<br><br>**RECEIVER CERTIFICATE NO.** ____<br><br>$_____ |

DAVID STAPLETON, the duly appointed, qualified, and acting receiver in the above-entitled action, for value received, agrees to pay to WELLS FARGO BANK, N.A., as Agent for itself and certain lenders ("Secured Party") the sum of _____ 00/100 dollars ($_____), with interest thereon from and after the date hereof at the

- 11 -

Base Rate plus the Applicable Margin (as each such term is defined in that certain Second Amended and Restated Credit Agreement dated as of November 30, 2017 by and among, Kurt Orban Partners, LLC, the Secured Party and the lenders, as amended (the "Credit Agreement").

Unpaid principal and interest shall be payable by the receiver only from proceeds of the receivership estate, and to the extent those proceeds are insufficient to fully pay the same (which insufficiency of proceeds is hereinafter called "the certificate deficiency"), the receiver shall have no liability for the certificate deficiency. Portions of unpaid principal and interest may at any time and from time to time be repaid by the receiver to Secured Party during the period of this receivership.

The amount of any certificate deficiency shall be deemed an additional advance made by the Secured Party for preservation and protection of their security pursuant to the Credit Agreement.

This certificate shall constitute a lien on all of the property interests ("the Property") of the receivership estate and all proceeds and products thereof. The lien created and evidenced by this certificate shall have priority over all other liens encumbering the Property, whether previously existing or hereafter created. In addition to this certificate duly issued, the receiver may execute such other documents as Secured Party reasonably may require to evidence Secured Party's lien interest in the Property including financing statements (UCC-1) for recording by Secured Party.

With respect to the certificates of indebtedness issued by the receiver, this certificate shall have priority over all other certificates of indebtedness of a larger certificate number that will be executed subsequent to the time hereof and shall be subordinate to

all certificates of indebtedness of a smaller certificate number that were executed prior to the time hereof.

The obligations of the receiver hereunder are being incurred pursuant to that certain "Stipulated and Agreed Order Appointing Receiver and Issuing Restraining Order" made and entered in the above-entitled action on July [__], 2020.

                                                                                 _____
                                                                                 DAVID STAPLETON, Receiver